**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD B. DeJOHNETTE,  ) | No. C 08-4844 MMC (PR) |
|                          ) | |
|   Plaintiff,             ) | **ORDER OF SERVICE; DENYING** |
|                          ) | **PLAINTIFF'S MOTIONS FOR** |
|   v.                     ) | **APPOINTMENT OF COUNSEL** |
|                          ) | |
| SUSAN HUBBARD, et al.,   ) | **(Docket Nos. 3 & 10)** |
|                          ) | |
|   Defendants.            ) | |
| _____ ) | |

On October 22, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

The following facts are drawn from the allegations in the complaint and the attachments thereto. In April 2006, plaintiff, while incarcerated at SVSP, was diagnosed with Hepatitis C. In March 2007, he began receiving treatment for the disease. SVSP medical personnel failed to properly monitor plaintiff's medication and laboratory tests, however, or respond to plaintiff's complaints of adverse side effects. As a result, in June 2007 plaintiff suffered a life-threatening reaction to the treatment. In July and August 2007, plaintiff suffered additional adverse effects from inadequate treatment, resulting in his spending more than twenty-five days in the hospital. In May 2008, plaintiff was prescribed heart medication that is incompatible with his Hepatitis C status, causing him to become ill.

Plaintiff claims he cannot receive adequate care at SVSP for his Hepatitis C and asks to be transferred to another prison or medical facility. He also seeks monetary damages.

The Court finds the above allegations, liberally construed, state cognizable claims under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Plaintiff has adequately linked the following SVSP defendants to his claims: Dr. Charles Lee, Health Care Manager; Dr. Carl Millner, High Risk Doctor; Dr. Randy Sid, Primary Care Provider; Sheri Ketnor, Registered Nurse; Sue Norton, Registered Nurse; Frances Maxwell, Vocational Nurse; Andrea Guyot, Psychiatric Technician; Ms. Watson, Registered Nurse. Plaintiff also names as defendants Susan Hubbard, the Director of Corrections, and Mike S. Evans, the Warden of SVSP. As those two defendants are not linked directly to plaintiff's claims and are named solely in their respondeat superior capacity, they will be dismissed. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding there is no respondeat superior liability under 42 U.S.C. § 1983). If, during the course of proceedings in the instant matter plaintiff is able to allege facts that directly link Hubbard and Evans to his claims in their supervisorial capacity, he may amend the complaint

2

to so plead.[1]

C.  Motions for Appointment of Counsel

Plaintiff has filed two motions for appointment of counsel. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motions for appointment of counsel are hereby DENIED.

2. Susan Hubbard and Mike Evans are hereby DISMISSED as defendants to this action.

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon: SVSP defendants Dr. Charles Lee, Dr. Carl Millner, Dr. Randy Sid, Sheri Ketnor, Sue Norton, Frances Maxwell, Andrea Guyot, and Ms. Watson.

---

[1] A supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

   4. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

      a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

      b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.**

   5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

      a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in

---

[2]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

4

opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

  b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

  6. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

  7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  8. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 3 and 10.

IT IS SO ORDERED.

DATED: April 6, 2009

MAXINE M. CHESNEY
United States District Judge