IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD B. DeJOHNETTE,<br><br>    Plaintiff,<br><br>  v.<br><br>SUSAN HUBBARD, et al.,<br><br>    Defendants.<br>_____ | No. C 08-4844 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RULE 56(f) CONTINUANCE, RULE 35 PHYSICAL EXAMINATION, AND PRELIMINARY INJUNCTION; SCHEDULING OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket Nos. 35, 38, 41, 43, 44)** |

      On October 22, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by prison and medical officials at Salinas Valley State Prison ("SVSP"). On September 4, 2009, defendants moved to dismiss the complaint under the unenumerated portion of Federal Rule of Civil Procedure 12(b), on the ground plaintiff has not exhausted his administrative remedies and, alternatively, under Rule 12(b)(6) on the ground plaintiff's allegations fail to state a claim upon which relief may be granted. According to the briefing schedule set in the order of service, plaintiff's opposition to defendants' motion was due thirty days after defendants filed their motion. Now pending before the Court are plaintiff's motion for a continuance to file his opposition, under Rule 56(f), and motion for a court order for a physical examination, under Rule 35. Also before

the Court is plaintiff's motion for a preliminary injunction. Defendants have opposed the motions.

A.    <u>Motions for Continuance and Court-Ordered Physical Examination</u>

As noted, plaintiff has moved for a Rule 56(f) continuance to file his opposition to defendants' motion to dismiss. Specifically, plaintiff states he is seeking to conduct discovery in order to raise a triable issue with respect to whether defendants acted with deliberate indifference to his serious medical needs. In furtherance thereof, plaintiff asks the Court to order he be given a physical examination by an internist at the University of California, and that the date of his opposition to the motion to dismiss be continued until he has received the internist's written report; additionally, plaintiff seeks discovery to dispute the veracity of a medical report on which defendants rely and which states plaintiff has refused proffered medical treatment and, due to his "high level of paranoia and manic behavior," he is unlikely to receive "treatment, testing or medication" for his Hepatitis C. (Mot. to Dismiss at 13:3-7.)

Rule 56(f) is a subsection of the rules governing summary judgment motions and provides, in relevant part:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

As noted, defendants have filed a motion to dismiss. Consequently, Rule 56(f) is not applicable to the instant proceedings. Nor, as set forth below, is plaintiff's request for a continuance to conduct discovery prior to filing an opposition to such motion warranted.

As an initial matter, plaintiff has not shown the type of factual development he seeks is relevant to the issue of whether certain of plaintiff's claims are unexhausted. In particular, the only evidence plaintiff must present to successfully oppose such motion is evidence that shows either that the claims are exhausted or that some legally-recognized exception to

exhaustion applies. As was explained to plaintiff in the Court's order of service:

> In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:
>
> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

(Order, filed April 6, 2009, at 4:19-5:2 (footnote omitted).)

Additionally, the court's review of a motion to dismiss under Rule 12(b)(6) is limited to the contents of the complaint, see Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents on which the complaint necessarily relies and whose authenticity is not contested. See Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Consequently, a pro se plaintiff who has alleged well-pleaded facts supporting a claim for relief "can simply rest on the assumed truthfulness and liberal construction afforded his complaint." See Curtis v. Bembenek, 48 F.3d 281, 287 (7th Cir. 1995).

Next, plaintiff has not shown he is entitled to a court order for a physical examination pursuant to Rule 35, which provides in relevant part:

> The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Fed. R. Civ. P. 35(a)(1). The order may be made only on motion for good cause shown. Id. 35(a)(2)((A).

In response to plaintiff's motion, defendants argue that plaintiff's physical condition is not in controversy in the instant action because it is undisputed that plaintiff suffers from Hepatitis C. Rather, defendants submit, the only question at issue is whether defendants acted with deliberate indifference to plaintiff's serious medical needs by failing to properly

3

1 treat his illness. Although plaintiff argues his current physical condition is in controversy
2 because his claims include an allegation of physical injury resulting from defendants'
3 inadequate medical care, the Court, given the pendency of defendants' motion to dismiss the
4 complaint on procedural grounds, need not at this time resolve the parties dispute as to the
5 propriety of an order under Rule 35.

6 Accordingly, plaintiff's motions for a Rule 56(f) continuance and for a court-ordered
7 physical examination under Rule 35 will be denied without prejudice to refiling if plaintiff's
8 complaint survives defendants' motion to dismiss and defendants thereafter file a motion for
9 summary judgment. Plaintiff will, however, be granted one further extension of time to file
10 opposition to defendants' motion to dismiss.

11 B.     Motion for Preliminary Injunction[1]

12 At the time plaintiff initially filed his motion for a preliminary injunction, he was
13 incarcerated at the California State Prison, Los Angeles County ("LAC"). By way of such
14 motion, plaintiff sought an order restraining prison officials at LAC from seizing plaintiff's
15 legal mail, as well as orders directing that a medical hold be placed on plaintiff pending
16 resolution of his motion for a Rule 35 physical examination, that prison officials at LAC
17 provide him with prescription glasses, that his medical plan be restored, and that he not be
18 subjected to retaliation. Subsequently, plaintiff was transferred back to SVSP, the location at
19 which the claims in the instant action arose and where he currently resides. Plaintiff
20 thereafter wrote this Court, stating he believes prison officials at SVSP will continue to
21 retaliate against him by housing him in "the hole" and failing to provide him with access to
22 his legal property. He seeks an order that he be "housed properly" and that SVSP prison
23 officials give him his legal and other property. (Notice of Change of Address (Docket No.
24 44) at 5).

25 "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
26 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

---

[1] Together with his motion, plaintiff has filed a motion for leave to exceed the court's twenty-five page limit. The motion will be granted.

4

that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

At the outset, the Court notes that plaintiff's earlier request for preliminary injunctive relief, made by plaintiff while he was incarcerated at LAC, is now moot, as plaintiff no longer is incarcerated at such facility. Further, with respect to the more recent request, specifically, that the Court direct he be moved from "the hole" at SVSP back to the general population, in order to facilitate his access to his legal property for purposes of litigating the instant action, plaintiff has made no showing as to a likelihood of irreparable harm if such request is not granted.

Additionally, the Court finds that, at this stage of the proceedings, plaintiff has not shown he is likely to succeed on the merits of his claim that defendants acted with deliberate indifference to his serious medical needs by failing to properly treat him for Hepatitis C. In particular, the evidence before the Court at this time shows that during the approximately fifteen-month period wherein plaintiff was under the medical care of the defendants to the instant action, i.e., from May 2007 through August 2008, he was seen by his primary physician and numerous medical specialists on at least twenty-six occasions. (Defs.' Opp. Mot. Prelim. Inj. at 5.) While such evidence is not conclusive of defendants' subjective state of mind as to plaintiff's treatment, it is highly probative thereof and gives rise to a reasonable inference that defendants did not act with deliberate indifference to plaintiff's serious medical needs. Further, as plaintiff has not yet opposed defendants' motion to dismiss the complaint on procedural grounds, there is no evidence presently before the Court that suggests defendants will not prevail on such motion.

Accordingly, plaintiff's motion for a preliminary injunction will be denied.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for a Rule 56(f) continuance is hereby DENIED.

2. Plaintiff's motion for a Rule 35 court-ordered physical examination is hereby DENIED.

5

3. Plaintiff's motion to exceed the twenty-five page limit is hereby GRANTED.

4. Plaintiff's motion for a preliminary injunction is hereby DENIED.

5. Plaintiff is hereby afforded an extension of time to file opposition to defendants' motion to dismiss.

    (a) Within **thirty (30)** days of the date this order is filed, plaintiff shall file with the court and serve on defendants his opposition to defendants' motion to dismiss.

    (b) Defendants <u>shall</u> file a reply brief no later than **fifteen (15)** days after plaintiff's opposition to the motion to dismiss is filed.

    (c) The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

This order terminates Docket Nos. 35, 38, 41, 43 and 44.

IT IS SO ORDERED.

DATED: June 29, 2010

_____
MAXINE M. CHESNEY
United States District Judge