IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD B. DeJOHNETTE,          )<br>                                                      )<br>        Plaintiff,                          )<br>                                                      )<br>   v.                                            )<br>                                                      )<br>SUSAN HUBBARD, et al.,          )<br>                                                      )<br>        Defendants.                      )<br>_____ ) | No. C 08-4844 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME; DIRECTING PLAINTIFF TO FILE OPPOSITION**<br><br>**(Docket No. 47)** |

On October 22, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by prison and medical officials at Salinas Valley State Prison ("SVSP"). On September 4, 2009, defendants moved to dismiss the complaint under the unenumerated portion of Federal Rule of Civil Procedure 12(b), on the ground plaintiff has not exhausted his administrative remedies and, alternatively, under Rule 12(b)(6) on the ground plaintiff's allegations fail to state a claim upon which relief may be granted. According to the briefing schedule set in the order of service, plaintiff's opposition to defendants' motion was due thirty days after defendants filed their motion. Plaintiff did not file an opposition; instead, he filed a motion for a continuance under Rule 56(f), a motion for a court order for a physical examination under Rule 35, and a motion for a preliminary injunction. Defendants opposed the motions.

The Court, by order filed June 29, 2010, denied plaintiff's motions and sua sponte

1  afforded plaintiff an extension of time to file opposition to defendants' motion to dismiss,
2  specifically, an extension to file said opposition within thirty days of the filing of the Court's
3  order.

4        Plaintiff did not file opposition to the motion to dismiss.  Rather, on July 29, 2010, the
5  thirtieth day after the Court's order was filed, plaintiff sent to the Court a 123-page request
6  for an additional ninety days to file opposition to defendants' motion to dismiss.  In support
7  of his request, plaintiff asserts that prison officials at both SVSP and Lancaster State Prison,
8  where plaintiff previously was incarcerated, fraudulently filed pleadings in plaintiff's state
9  habeas proceedings in 2009, and have interfered with his receipt of legal mail.  Plaintiff
10 concludes therefrom that prison officials currently are interfering, or will interfere, with his
11 ability to prosecute the instant action.

12       Plaintiff's request will be denied.  The asserted reasons for an extension of time are
13 not persuasive, particularly in view of plaintiff's ability to file the above-referenced 123-page
14 request, which includes more than 100 pages of exhibits.  Defendants' motion to dismiss was
15 filed more than ten months ago.  Plaintiff has been allowed more than nine months to respond
16 to the motion, and the Court has explained in detail to plaintiff what he must do in order to
17 avoid dismissal.  Plaintiff's choice to file the instant motion rather than comply with the
18 Court's order to file an opposition does not entitle him to a further extension of time.

19       Accordingly, within **fifteen** days of the date this order is filed, plaintiff shall file with
20 the court and serve on defendants his opposition to the motion to dismiss.  Defendants <u>shall</u>
21 file a reply brief no later than **ten** days after the opposition is filed.  If plaintiff does not
22 timely file an opposition to the motion to dismiss, the motion will be deemed submitted as of
23 the date the opposition is due.

24       This order terminates Docket No. 47.

25       IT IS SO ORDERED.

26 DATED: August 5, 2010

27       _____
      MAXINE M. CHESNEY
28       United States District Judge