1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINALD B. DeJOHNETTE,                    )   No. C 08-4844 MMC (PR)
                                           )
            Plaintiff,                     )
                                           )   **ORDER OF DISMISSAL**
       v.                                  )
                                           )
SUSAN HUBBARD, et al.,                     )
                                           )
            Defendants.                    )
_____           )

On October 22, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley

State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C.

§ 1983, claiming deliberate indifference to his serious medical needs.  On September 30,

2010, the Court, after full briefing by the parties, granted defendants' motion to dismiss the

complaint pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil

Procedure, on the ground plaintiff failed to exhaust administrative remedies.  In particular,

the Court found that only one of plaintiff's claims, specifically, his claim concerning the

unavailability of his blood test results on three occasions, had been properly exhausted, and

that all other claims were unexhausted.  The Court ruled as follows:

> Accordingly, defendants' motion to dismiss the instant action as unexhausted
> will be granted.  If plaintiff wishes to proceed with the instant action solely
> based on his exhausted claims concerning the availability of blood test results,
> he may file an amended complaint that contains only those claims.  If,
> however, plaintiff wishes to proceed with a complaint that includes all of the

claims he has attempted to raise herein, he must file a new and separate action asserting all such claims for relief once administrative remedies have been exhausted with respect thereto.  See Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005) (holding where prisoner files mixed complaint containing closely related and intertwined exhausted and unexhausted claims, dismissal of defective complaint with leave to amend to allege only fully exhausted claims is proper approach).  Plaintiff must inform the Court of his intentions in such regard as set forth in the "Conclusion" section of the instant order**.**

(Order, filed Sept. 30, 2010, at 15:6-15.)

In the "Conclusion" section of the order, plaintiff was further advised as follows:

Within thirty days of the date this order is filed, plaintiff shall either (1) file an amended complaint containing only his exhausted blood test result claims, or (2) inform the Court that he intends to proceed with all claims in a new and separate action once all of his claims have been exhausted.  If plaintiff chooses the latter option, the instant action will be dismissed without prejudice.

Plaintiff's failure to comply with this order will result in the dismissal of the instant action without prejudice.

(Id. at 16:26-17:4.)

Plaintiff did not file an amended complaint.  Rather, on November 9, 2010, the fortieth day after the Court's order of dismissal with leave to amend was filed, plaintiff filed a notice of appeal.  In such notice, plaintiff states that a judgment of dismissal was entered in the instant action on September 30, 2010, and he is appealing from the Court's final order dismissing the action for failure to exhaust administrative remedies.  (See Notice of Appeal, filed Nov. 9, 2010, at 1:17-21.)

Generally, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal.  See Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993).  The transfer of jurisdiction from the district court does not occur, however, if a litigant files a notice of appeal from an unappealable order.  See id. (internal citations omitted).  An order of dismissal with leave to amend is not a final appealable order. WMX Technologies v. Miller, 104 F. 3d 1133, 1136 ( 9th Cir. 1997) (en banc) ("We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint.  A further district court determination must be obtained.")

Here, as the Court made clear in its order granting defendants' motion to dismiss, the

United States District Court
For the Northern District of California

2

complaint was dismissed with leave to amend.  No final order of dismissal was filed, nor was judgment entered.  Consequently, the order is not appealable and, even though plaintiff has filed a notice of appeal, the Court retains jurisdiction over the instant action.

As noted, plaintiff was granted thirty days from the date the Court's order was filed, i.e., from September 30, 2010, to either file an amended complaint containing only his exhausted blood test result claims, or inform the Court that he intends to proceed with all claims in a new and separate action once all of his claims have been exhausted.  Additionally, plaintiff was expressly informed that his failure to comply with the Court's order would result in the dismissal of the instant action without prejudice.

More than thirty days have passed from the date the Court's order was filed and plaintiff has not complied with the order.  Accordingly, the instant action is hereby DISMISSED without prejudice to plaintiff's filing a complaint raising his exhausted claims, in a new and separate action.

The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: November 17, 2010

MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California